UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LYNDA CARTWRIGHT and LLOYD CARTWRIGHT on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

VIKING INDUSTRIES, INC., an Oregon Corporation, and Does 1 through 100, inclusive,

    Defendants.

CASE NO. 2:07-CV-02159-FCD-EFB

MEMORANDUM & ORDER

----oo0oo----

This matter comes before the court on defendant Viking Industries, Inc.'s ("Viking" or "defendant") motion for protective order to stay discovery pending the class certification determination in a related action. Plaintiffs Lynda and Lloyd Cartwright (collectively, the "Cartwright

plaintiffs" or "plaintiffs") oppose the motion.  For the reasons set forth below,[1] defendant's motion is DENIED.

## BACKGROUND

On August 16, 2007, plaintiffs filed this civil class action against defendant, alleging eight causes of action: Strict Products Liability, Negligence, Breach of Express Warranty, Breach of Implied Warranty, Violation of the Consumer Legal Remedies Act, Violation of California's Unfair Competition Law, Fraudulent Concealment, and Restitution.  (Id. ¶¶ 40-102). Plaintiffs are the owners of a residence in which defendant Viking's Series 3000 window products ("Window Products") are installed. (Plaintiffs' Complaint, filed Aug. 16, 2007 ("Compl."), ¶ 6).  Plaintiffs brought this class action on behalf of themselves and persons in California who own or owned homes in which Viking Window Products have been installed.  (Id. ¶ 1). Plaintiffs' claims are based on the defective nature of the Window Products and the damages caused by the defective Window Products.  (Id. ¶ 13).  The alleged defects in the windows include the failure to resist water and air intrusion, which created water damage in the home.  (Id. ¶¶ 13, 19).

Plaintiffs allege they had no reason to suspect the Window Products were defective until they were advised of the pendency of the class action lawsuit, Deist, et al. v. Viking Industries, Case No. CV025771 (the "Diest action"), filed in the San Joaquin County Superior Court.  (Id. ¶ 31).  The plaintiffs in the Deist

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

action bring six causes of action for (1) strict products liability; (2) breach of implied warranty (fitness); (3) breach of implied warranty (merchantability); (4) negligence; (5) breach of express warranty; and violation of Consumer Legal Remedies Act.  (Ex. A to Decl. of J. Mark Thacker ("Thacker Decl."), filed May 12, 2008).  The Deist action arises out of the same Window Products that are the subject of this litigation.

In the Deist action, Viking has moved for summary judgment on all causes of action against 8 plaintiffs and summary adjudication on all but two causes of action against 7 plaintiffs.  (Decl. of Stephen Oroza ("Oroza Decl."), filed June 6, 2008, ¶ 2).  The motions were set for hearing on June 6, 2008.  (Ex. 2 to Oroza Decl.).  All plaintiffs have requested that they be allowed leave to amend the complaint to add new class representatives if Viking's motions are granted.  (Oroza Decl. ¶ 5).  The parties also stipulated that, if possible, the summary judgment motions will be ruled upon before a motion to certify the class is filed.  (Id. ¶ 6).  The proposed date for the Motion for Class Certification is September 16, 2008.  (Ex. 5 to Oroza Decl. at 3).  No motion for certification has been filed in the Deist action.  (Id. ¶ 2).

**ANALYSIS**

Defendant moves to stay discovery pending the outcome of the class certification motion in the Deist action.  Defendant asserts that determination of the class certification issue in Deist will dispose of all class-related issues in this action, and thus, Viking should not be subjected to the burden of producing class related discovery in this case until the motion

3

in <u>Deist</u> has been decided. Defendant further asserts that the brief stay of discovery pending the state court's decision on defendant's motion for class certification in <u>Deist</u> is justified by the burden imposed on Viking in producing such discovery. Plaintiff contends that there is no cause for a stay to be issued in this case.

This court possesses the inherent power to control its own docket and calendar. <u>Mediterranean Enterprises, Inc. v. Ssangyong Corp.</u>, 708 F.2d 1458, 1465 (9th Cir. 1983) (citations omitted).

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.

<u>Id.</u> (quoting <u>Leyva v. Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir. 1979)).

At the outset, the court notes that the plaintiffs in this action and the plaintiffs in the <u>Deist</u> action are not identical. The Cartwright plaintiffs are not named plaintiffs in the <u>Deist</u> action. Moreover, the proposed class in the this action is different from the proposed class in the <u>Deist</u> action; the proposed class in this case includes prior owners of Window Products, while the proposed class in the <u>Deist</u> action excludes these prior owners. While this fact is not dispositive, "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936). Defendants have failed to substantiate why this case presents such "rare circumstances."

4

Rather, defendant's argument is based purely upon speculation. First, defendant asks the court to assume that the motion for summary judgment in the Deist action will not resolve the claims against the named plaintiffs and that this action will in fact proceed to class certification. Second, defendant asks the court to assume that, in the event summary judgment is granted, plaintiffs will not be given time to amend their complaint and thus, postpone the hearing on the motion for class certification. Third, defendant asks the court to (a) predict what issues may be raised in the motion for class certification in the Deist action, (b) predict what issues may be raised in the motion for class certification in this action, and (c) issue what is, at its core, an advisory opinion regarding the extent a hypothetical order issued in the Deist action will affect issues relating to class certification in this case.[2] The court will not make such assumptions.

Moreover, defendant has failed to present any evidence that engaging in discovery in this case will cause undue prejudice to Viking. Rather, it appears that the information sought by plaintiffs in this case is similar that Viking has already produced to the plaintiff in the Deist action.

/////

---

[2] The cases cited by defendant regarding the dispositive nature of the potential class certification order in Deist are inapposite. In those cases, defendants sought to invoke the doctrine of collateral estoppel based upon an actual order. Alvarez v. May Dept. Stores Co., 143 Cal. App. 4th 1223 (2006); see also In re Bridgestone/Firestone, Inc., Tires Products Litigation, 333 F.3d 763 (7th Cir. 2003). While these cases may become relevant during the course of this litigation, the court cannot predict the outcome of a state court action on a motion that has yet to be filed.

**CONCLUSION**

For the foregoing reasons, defendant's motion to stay discovery pending resolution of the class certification motion in the <u>Deist</u> action is DENIED.

IT IS SO ORDERED.

DATED: June 18, 2008

FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE