IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNDA CARTWRIGHT,<br>LLOYD CARTWRIGHT, et al.<br><br>           Plaintiffs,<br><br>     vs.<br><br>VIKING INDUSTRIES, INC.,<br>et al.,<br><br>           Defendants.<br>_____/ | No. CIV S-07-2159 FCD EFB<br><br><br><br><br><br>ORDER |

  Presently pending before this court is plaintiffs' motion to compel further responses to interrogatories and requests for production, made pursuant to Fed. R. Civ. P. 37(a) and filed August 13, 2008, and defendant's motion for protective order, made pursuant to Fed. R. Civ. P. 26(c) and filed August 26, 2008. The parties filed a joint statement demonstrating agreement on several matters. The parties were heard on the remaining matters on this court's September 10, 2008, law and motion calendar. Attorneys David Birka-White and Stephen Oroza appeared on behalf of plaintiffs; J. Mark Thacker appeared on behalf of Defendant Viking Industries, Inc. The court now issues the following order.

////

BACKGROUND

Plaintiffs are a putative class of California homeowners who purchased and had installed in their homes defendant's "Viking Series 3000 windows products." Plaintiffs allege that the windows were neither water nor air tight, resulting in damage to their homes. Plaintiffs allege Viking made false representations and failed to disclose pertinent facts in warranties and promotional literature. The complaint alleges eight causes of action: Strict Products Liability, Negligence, Breach of Express Warranty, Breach of Implied Warranty, Violation of the Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq*.), Violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 and 17500), Fraudulent Concealment, and Restitution.

Plaintiffs filed this action in San Joaquin County Superior Court on August 16, 2007. Defendant (an Oregon corporation) removed the case to this court (Fresno Division) on September 21, 2007; the case was transferred to this division on venue grounds on October 11, 2007. On February 12, 2008, the District Judge denied defendant's motion to dismiss plaintiffs' complaint, and denied as premature plaintiffs' motion to permit expedited discovery.

On April 23, 2008, the District Judge issued a scheduling order that bifurcated discovery between pre- and post-certification of the class. The order was amended on May 27, 2008, granting in part defendant's ex parte motion for extension of time and setting, in pertinent part, the following deadlines: Defendant's responses to plaintiffs' first set of interrogatories and first set of requests for production of documents became due July 10, 2008, and the deadline for pre-certification discovery was set for September 26, 2008.

On June 16, 2008, the District Judge denied defendant's motion to stay discovery pending resolution of summary judgment and class certification motions then pending in a similar action in San Joaquin County Superior Court in *Deist, et al. v. Viking Industries*, Case No. CV025771.

The parties presently dispute defendant's answers and responses to plaintiffs' Interrogatories (Set One) and Requests for Production (Set One).  The discovery was propounded on May 8, 2008, and responses served July 10, 2008.  Plaintiffs seek full disclosure of defendant's two electronic databases[1] in their native format and in usable form, and the production of a privilege log relative to defendant's objections to plaintiffs' production requests, for which defendant seeks a protective order.

DISCUSSION

The court initially acknowledges and commends the parties for agreeing upon the details of defendant's production of its electronic databases[2] in response to plaintiffs' Interrogatories Nos. 16 and 17, and Document Requests Nos. 8, 9 and 14, and other matters concerning defendant's supplemental responses as set forth in Section IV of their joint statement (entitled "Issues Resolved During Meet and Confer Process").  *See* Fed. R. Civ. P. 33, 34.  These matters and the dates for compliance which were set at the hearing are incorporated into the court's order as set forth in the conclusion.

In addition, the court at hearing directed defendant to provide, on or before September 24, 2008, a privilege log that identifies the documents it has withheld from plaintiffs' production requests, based upon assertion of the attorney-client privilege or work product doctrine.  *See* Fed. R. Civ. P. 34(b)(2)(C) and (D).  Defendant contended before this court, based largely on mutually acknowledged miscommunication between the parties, that the production requests should narrowly be construed so as not to seek any information protected by the attorney-client

---

[1] Defendant describes its electronic databases as follows: (1) its "stand-alone computer using Microsoft Access" for records dated 1995 through January 2000 ("Access database"), and (2) as prepared by a proprietary system for records dated January 2000 to present ("proprietary database").

[2] Federal rules applicable to electronically stored information include Fed. R. Civ. P. 26(a)(1)(A)(ii), 34(a)(1)(A), 34(b)(1)(C), and 34(b)(2)(E).

3

privilege or work product doctrine, thus precluding the necessity of providing a privilege log on these matters.  Plaintiffs contended that defendant's failure to provide a privilege log, notwithstanding any miscommunication, should result in a waiver of any protections.  Plaintiffs relied, *inter alia*, on this court's briefing orders filed August 18 and 29, 2008 ("Privilege objections must comply with Fed. R. Civ. P. 26(b)(5).[3]  Except in extraordinary circumstances, the party claiming privilege may not submit a post-hearing privilege log.  The failure properly to support a privilege objection with a privilege log may be deemed to waive it.").

     Waiver is inappropriate under these circumstances.  Defendant produced the contested discovery responses after attempting – in writing – to confirm with plaintiffs' counsel a mutual understanding of the scope of the requests, and reasonably relied on plaintiffs' failure timely to object to defendant's attempted memorialization.  The failure of defendant timely to provide a privilege log is excusable under these circumstances.  The court rejected, however, defendant's assertion that providing a privilege log would now be unduly burdensome and expensive.  This case should proceed on all admissible evidence and plaintiffs must be given sufficient information upon which to evaluate defendant's claims of privilege.

     Accordingly, balancing the informational needs of plaintiffs with the disclosure responsibilities of defendants, and in deference to the September 26, 2008, pre-certification discovery deadline, this court directed defendant to serve its privilege log upon plaintiffs within the next two weeks.  As the court stated at the hearing, the privilege log may identify documents within legitimate general categories provided that the documents are described with sufficient particularity to enable plaintiffs and, if necessary, the court, to make an informed judgment regarding the validity of the asserted protection.  If such designation is challenged, and does not

---

[3] Fed. R. Civ. P. 26(b)(5) provides that when a party withholds information under a claim of privilege the party shall make the claim expressly and shall describe the nature of the documents withheld in a manner that enables the requesting party to assess the claim.

withstand such challenge, the assertion of privilege will be deemed waived.

CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiffs' motion to compel further responses to interrogatories and requests for production, Doc. 54, is granted;

2. Defendant's motion for protective order, Doc. 58, is denied;

3. Defendant shall, on or before September 15, 2008, serve supplemental responses to the existing discovery which conform to the following:

    a. Withdraw the objection that a particular request seeks proprietary and confidential information and information in violation of privacy rights wherever it appears;

    b. Provide the contact information (address, etc) specified in Paragraph 4 of the Definition section of the Interrogatories for persons whose names are included in Viking's responses to interrogatories;

    c. Amend the responses to Interrogatory Nos. 1-3 to state that the sales information produced in discovery (including ESI) is for California only;

    d. Provide supplemental responses to Interrogatory Nos. 16 and 17 including all summary information concerning claims related to the Window Products and their resolution which Viking possesses, including the information previously withheld based on a claim of work product protection;

    e. Provide a response to the agreed-upon amended version of Document Request No. 7,[4] stating that all documents which exist have been produced; and,

---

[4] Document Request No. 7 will be deemed amended to request: "(1) All documents concerning certification of the Window Products by standards bodies (such as AAMA) which are incorporated into building codes in California, including communications with such standards bodies, and (2) documents which address or discuss compliance with building codes or standards

    f.  Produce in unredacted form all documents previously produced in redacted form.

4.  Defendant shall, on or before September 19, 2008, complete production of its "Access" and "proprietary" electronic databases.

5.  Defendant shall, on or before September 24, 2008, serve plaintiffs' counsel with a privilege log identifying the documents defendant has withheld from its responses to plaintiffs' production requests based upon the attorney-client privilege or work product doctrine.

  SO ORDERED.

DATED:  September 11, 2008.

_[signature]_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

in California."

6