1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LYNDA CARTWRIGHT,
     LLOYD CARTWRIGHT,

11
              Plaintiffs,              No. CIV S-07-2159 FCD EFB

12
          vs.

13
     VIKING INDUSTRIES, INC.,

14   et al.,

15            Defendants.              ORDER

16   _____/

17        This matter was before the court on January 21, 2009, for hearing on plaintiffs' motion to

18   compel production of defendant's electronic "proprietary database files," in response to

19   plaintiffs' production requests served May 8, 2008 (requesting the production of electronically

20   stored information in its native format, with all software necessary to access it).  The motion

21   argues that this electronically stored information was previously ordered produced by this

22   court's order filed September 11, 2008 (requiring production of defendant's proprietary

23   electronic database).  Attorney Stephen Oroza appeared on behalf of plaintiffs.  J. Mark Thacker

24   appeared on behalf of the defendant.

25   ////

26   ////

                                                 1

1    The discovery deadline in this case is January 26, 2009.  *See* Dckt. No. 86.  For the

2  reasons stated at the hearing, plaintiffs' motion to compel (Dckt. No. 71) is hereby GRANTED.

3  Defendant shall, no later Friday, January 23, 2009, produce said files in the exact format in

4  which they are maintained and stored (i.e., as a Sybase database), and provide the software or

5  "front end" application required to search and manipulate the files.  *Se*e Fed. R. Civ. P.

6  34(b)(2)(E)(ii) (a party must produce electronically stored information "in a form or forms in

7  which it is ordinarily maintained or in a reasonably usable form or forms"); *see also*, Advisory

8  Committee Notes for the 2006 Amendment of Rule 34 ("the option to produce [electronically

9  stored information] in a reasonably usable form does not mean that a responding party is free to

10  convert electronically stored information from the form in which it is ordinarily maintained to a

11  different form that makes it more difficult or burdensome for the requesting party to use the

12  information efficiently in the litigation.  If the responding party ordinarily maintains the

13  information it is  producing in a way that makes it searchable by electronic means, the

14  information should not be produced in a form that removes or significantly degrades this

15  feature.").  For the reasons discussed at the hearing and in the papers in support of the motion,

16  prior attempts to provide plaintiffs with the data in converted forms have not resulted in a full

17  and complete production of the electronically stored information.

18    Plaintiffs' related motions for sanctions are submitted for later decision, and will be

19  addressed in a subsequent order.

20    SO ORDERED.

21  DATED:  January 21, 2009.

           _____

22             EDMUND F. BRENNAN

           UNITED STATES MAGISTRATE JUDGE

23

24

25

26