UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LYNDA CARTWRIGHT and LLOYD CARTWRIGHT, on behalf of themselves and all others similarly situated,

    Plaintiffs,

    v.

VIKING INDUSTRIES, INC., an Oregon Corporation, and DOES 1-100 inclusive,

    Defendants.
_____/

NO. 2:07-cv-2159 FCD EFB

----oo0oo----

This matter is before the court on defendant Viking Industries, Inc. ("Viking" or "defendant") motion for reconsideration, pursuant to Rules 23(c)(1)(C) and 59(e) of the Federal Rules of Civil Procedure, of the court's September 14, 2009 Memorandum and Order (the "September 14 Order"), granting in part and denying in part plaintiffs' motion for class

certification.[1]  Specifically, the court certified the following class with respect to plaintiffs' Consumer Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), fraudulent concealment and unjust enrichment claims:

> All current and past owners of residential property in California in which Viking Series 3000 windows manufactured by Viking Industries Inc. between approximately March 1, 1991 and 1999 (the "Class Period") are or have been installed.  The proposed class includes property owners who have replaced their Viking windows.  Excluded from the Plaintiff Class are the Defendant, any entity in which Defendant has a controlling interest, and their legal representatives, heirs and successors, and any judge to whom this case is assigned, and any member of the judge's immediate family.  Claims for personal injury are excluded from the claims of the Plaintiff Class which are alleged herein.

The court also certified the following subclass with respect to plaintiffs' breach of express and implied warranty claims:

> All original owners of residential property in California who are the first occupant resident owner in which Viking Series 3000 windows manufactured by Viking Industries Inc. between approximately March 1, 1991 and 1999 (the "Class Period") are or have been installed.  The proposed class includes property owners who have replaced their Viking windows.  Excluded from the class are named Plaintiffs in pending lawsuits against Viking Industries, Inc. relating to Series 3000 windows other than in Cartwright v. Viking; also excluded is the Defendant, any entity in which the Defendant has a controlling interest, and their legal representatives, heirs and successors, and any judge to whom this case is assigned, and any member of the judge's immediate family.  Claims for personal injury are excluded from the claims of the Plaintiff Class which are alleged herein.

However, the court denied plaintiffs' motion for class certification with respect to their claims for strict liability and negligence.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

Rule 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." However, under Rule 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

Defendant asks the court to reconsider the September 14 Order and decertify the class. Specifically, defendant contends that it was clear error (1) to rely on Viking's lifetime warranty and associated marketing to support certification of fraud claims by subsequent owners; (2) to adopt a presumption of reliance with respect to plaintiffs' UCL, CLRA, and fraud claims; and (3) to accept plaintiffs' theory of defect as a sufficient basis for certification.

With respect to defendant's first and second arguments, the court notes that, contrary to defendant's assertion, the court did not rely solely on the lifetime warranty and associated marketing in finding that common issues of law and fact predominated. Rather, the court emphasized plaintiffs' allegations and supporting evidence that defendant fraudulently concealed the defective nature of the window products in order to induce plaintiffs and class members to purchase them. This allegation of non-disclosure applied to all owners, original and subsequent.[2] The court concluded that plaintiffs' allegations of

---

[2] To the extent Viking's warranty contains language that limits coverage to original owners, the court certified a subclass for plaintiffs' breach of express and implied warranties

3

fraudulent concealment satisfied the predominance requirement because the common question of the materiality of the non-disclosed defects may establish common causation.  Further, the court relied upon various California and federal court decisions that supported this conclusion.  While defendant may seek to distinguish these cases and may disagree with the court's interpretation, it has failed to demonstrate that the court committed clear error.

With respect to defendant's third argument, defendant's assertion regarding the need for individualized proof of actual damage is contrary to plaintiffs' theory of liability. Plaintiffs allege that defendants' window products are inherently defective and present evidence that such defects are substantially certain to result in malfunction during the useful life of the window products.  The court concluded that the issue of whether the window products were inherently defective was common to the class.  Further, the court noted that to the extent proof of actual damage is necessary to claims of monetary damages, such individualized determinations can be made after common questions of liability are decided.  Accordingly, despite defendant's vigorous advocacy and argument relating to the true nature of plaintiffs' claims, on the record before it, the court did not commit clear error.[3]

---

claims.  Defendant's attempt to broadly conflate the elements of plaintiffs' warranty claims with the statutory and fraud claims is misplaced under the current record and argument.

[3]   Because the court does not reconsider its certification order with respect to the statutory and common law fraud claims, it does not address defendant's argument that the remaining class is duplicative and thus, fails the superiority requirement.

Finally, the court notes that neither plaintiffs nor defendant have filed a motion for summary judgment or summary adjudication in this litigation. Indeed, the Ninth Circuit has specifically noted that "summary judgment, and decertification, are available to refine and narrow the class and issues that are amendable to class action treatment." <u>Jenson v. Fiserv Trust Co.</u>, 256 Fed. Appx. 924 (9th Cir. Nov. 26, 2007) (affirming class certification and noting the need for a more fully developed record to ensure the continued viability of the certified class). Because defendant's motion is based upon the same factual and legal arguments previously addressed in the court's September 14 order, there is insufficient bases for the court to reconsider class certification.

Accordingly, defendants' motion for reconsideration and decertification is DENIED.

IT IS SO ORDERED.

DATED: November 17, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE