| | |
|---|---|
| Robert J. Nelson (State Bar No. 132797)<br>LIEFF, CABRASER, HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA  94111-3339<br>Telephone:  (415) 956-1000<br>Facsimile:  (415) 956-1008 | Stuart M. Eppsteiner (State Bar No. 98973)<br>EPPSTEINER & FIORICA, LLP<br>12555 High Bluff Drive, Suite 155<br>San Diego, CA 92130<br>Telephone: (858) 350-1500<br>Fax: (858) 350-1501 |
| David M. Birka-White (State Bar No. 85721)<br>BIRKA-WHITE LAW OFFICES<br>411 Hartz Avenue, Suite 200<br>Danville, CA  94526<br>Telephone:  (415) 616-9999<br>Facsimile:  (415) 616-9494 | Paul D. Stevens (State Bar No. 207107)<br>MILSTEIN, ADELMAN & KREGER, LLP<br>2800 Donald Douglas Loop North<br>Santa Monica, CA 90405<br>Telephone: (310) 396-9600<br>Fax: (310) 396-9635 |
| *Class Counsel in Cartwright* | *Class Counsel in Deist* |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| LYNDA CARTWRIGHT and LLOYD CARTWRIGHT, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>VIKING INDUSTRIES, INC., an Oregon Corporation, and DOES 1-100, inclusive,<br><br>          Defendants. | CASE NO.  2:07-CV-02159-FCD-EFB<br><br>**DECLARATION OF DAVID M. BIRKA-WHITE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>Hon. Frank C. Damrell, Jr. |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**SAN JOAQUIN COUNTY**

**STOCKTON**

| | |
|---|---|
| JOHN DEIST, et al., on behalf of himself and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>VIKING INDUSTRIES, INC., an Oregon Corporation, et al.,<br><br>          Defendants. | CASE NO.  CV025771<br><br>Hon. Carter Holly |

I, DAVID M. BIRKA-WHITE, declare as follows:

1. I am an attorney at law duly licensed to practice before the United States District Court, Eastern District of California and all courts of the State of California. I am a member in good standing of the State Bar of California. I respectfully submit this Declaration in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Application For An Award of Attorneys' Fees and Expenses. Except as otherwise noted, I have personal knowledge as to the facts stated herein and, if called upon to do so, could and would competently testify thereto.

2. Throughout the pendency of this litigation, my office has served as Class Counsel together with Robert J. Nelson of Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"), whom I requested to assist my office in the prosecution of this case. We were appointed Class Counsel on September 11, 2009, as part of the Court's Memorandum and Order granting class certification. I have served as co-lead counsel and class counsel with LCHB in numerous class action cases over the course of nearly 20 years, and I know them to be a firm of the highest caliber.

3. Throughout the pendency of this matter, I have been directly involved in the management and performance of all work associated with the prosecution of this case. Steve Oroza, a 30+ year attorney from my office and also highly experienced in the field of class actions, also provided assistance in this case.

4. My office handles a small volume of complex/class action cases at any given time. During the last two years, a large portion of my time, and that of Steve Oroza, and other members of my office was devoted to the *Cartwright v. Viking* case. I believe that the successful outcome of the *Cartwright* case is due in part, to our ability to have been able to focus intensely on the numerous and complex issues presented by this case.

5. I have served as Court appointed class counsel or settlement class counsel in over 23 class action cases and approximately 55 complex cases. My further qualifications are set forth in my resume, attached hereto as **Exhibit A**.

/ / /

/ / /

**BACKGROUND OF VIKING LITIGATION**

6. Plaintiffs Lynda and Lloyd Cartwright filed the *Cartwright* action on August 16, 2007, in California state court, *Lynda Cartwright, et al. v. Viking Industries, Inc.*, San Joaquin County Superior Court, Case No. CV033356. At that time, there was a related action pending, *John Deist, et al. v. Viking Industries, Inc.,* San Joaquin County Superior Court, Case No. CV025771 ("the *Deist* action").

7. The *Cartwright* action was filed to protect the interests of the plaintiff class, who, in addition to warranty claims, had important consumer fraud claims against Viking Industries, Inc. ("Viking") that were not brought in the *Deist* action. The *Cartwright* lawsuit brought claims under California's consumer protection laws pursuant to the Unfair Competition Law ("UCL") and Consumer Legal Remedy Act ("CLRA"). Plaintiffs filed this case in the same state court where the *Deist* action was pending.

8. Because the *Deist* litigation class included only the warranty claims of original owners, the *Cartwright* action, with its substantially broader scope, protected the interests of all *current owners* who were not original owners of the homes with Viking windows and who were not included in the *Deist* class. Although estimates differed, only some 20-30 percent of the *Deist* class overlapped with the *Cartwright* class. Further, the *Cartwright* class also included the California consumer protection claims for original owners of Viking windows who remained as owners.

9. Viking removed the *Cartwright* action to federal court on September 21, 2007. Viking subsequently filed a Motion to Dismiss the case on October 8, 2007. The Viking Motion to Dismiss was denied on February 12, 2008. Viking then filed a Motion to Stay the *Cartwright* action pending class certification in the *Deist* action on May 12, 2008. That motion was also denied on June 19, 2008. There were numerous discovery disputes regarding the production of certain electronic databases and files which required that *Cartwright* counsel file several motions to compel, all of which were granted by Magistrate Judge Edmund F. Brennan.

10. The *Cartwright* class was certified on or about September 11, 2009. Viking subsequently filed a Motion for Reconsideration on September 28, 2009, which was denied on

1  November 17, 2009.  Viking then filed a Petition for Permission to Appeal Class Action

2  Certification on December 2, 2009.  The Ninth Circuit declined consideration of Viking's appeal on

3  February 9, 2010.

4       11.    Class Counsel sought to resolve the *Cartwright* case on numerous occasions, but

5  Viking remained disinterested.  It was not until their final effort at overturning class certification of

6  the *Cartwright* class was denied that Viking entered into mediation with Class Counsel in the

7  *Cartwright* matter on February 12, 2010, a process that Viking had already commenced with Class

8  Counsel in the *Deist* matter.

9       12.    The evidence of the case was developed through more than a dozen depositions and

10 the review of well over 25,000 pages of records produced by both Viking and their experts.

11      13.    My office had responsibility for taking and defending most of the depositions. The

12 document intensive depositions included numerous Viking corporate witnesses, no less than 11

13 expert witness depositions, including seven Viking expert witnesses – Larry Chiagouris, Felipe

14 Cortes, Pete Cruz, John Moalli, Michael Sullivan, George Tsongas, and Joel Wolf, and four

15 Cartwright expert witnesses – James Cassell, Antoine Chamsi, Richard Drogin, and Warren Keegan.

16 The depositions of class representatives Lloyd and Lynda Cartwright were also taken.

17      14.    There were numerous discovery disputes between counsel, several of which had to be

18 decided by the Magistrate Judge and the Court.  There were also protracted disputes regarding the

19 production of various Viking databases and expert documentation which Viking claimed were

20 privileged.  These disputes related to, among other things, class certification and class wide

21 damages, and necessitated the expenditure of substantial time and expert costs before any

22 compromises could be reached.

23      15.    The following is a general summary of the tasks which Class Counsel, undertook in

24 this matter.

25           a.   research, analysis, and writing of the complaint;

26           b.   handling of numerous meetings and communications with class representatives

27                Lloyd and Lynda Cartwright;

28

    c.  preparation of the pleadings in opposition to Viking's Motion to Dismiss, Motion for Reconsideration, and Petition for Permission to Appeal Class Certification;

    d.  preparation of all Motions to Compel responses from Viking;

    e.  retention and interaction with plaintiffs' experts;

    f.  preparation for and taking of all percipient witness depositions and expert witness depositions;

    g.  defense of depositions of class representatives Lloyd and Lynda Cartwright;

    h.  defense of depositions of plaintiffs' experts;

    i.  implement and oversee extensive discovery and discovery responses;

    j.  analyze all document productions, including expert document productions, photographs, and electronic database files;

    k.  work extensively with plaintiffs' experts regarding the *Cartwright* theories of liability and damages, and the analysis of numerous defense surveys and studies, including random sampling for purposes of establishing statistically based data related to numerous aspects of the performance of Viking windows;

    l.  establishing the appropriateness of the class action mechanism and assist with class certification briefing and argument;

    m.  undertake mediation through mediator Bruce A. Edwards and follow up settlement negotiations with defense counsel;

**GENERAL PRINCIPLES APPLICABLE TO THE AWARD OF ATTORNEYS' FEES IN CLASS ACTIONS**

16.    My office undertook this litigation on a purely contingent basis. We have not been paid for any of our time spent on this action, nor have we been reimbursed for any of our out-of-pocket expenses incurred in the prosecution of this action.

17.    All attorneys, paralegals, and law clerks at Birka-White Law Offices maintain contemporaneous time records reflecting the time spent on this and other matters. During the last 24+ months, I have personally contributed 948.25 hours of my time to bring about the Viking

settlement presented to this Court for approval. Steve Oroza contributed an additional 751.42 hours of time. My office also contributed 477.43 hours in associate time and 276.20 hours in paralegal time. The lodestar of my office in this case is $1,239,490.00.

18. All of the services performed by my firm were reasonable and necessary. Detail of all time is available upon the Court's request.

19. My firm expended a total of $149,533.14 in unreimbursed expenses, all of which were reasonable and necessarily incurred, and for which reimbursement is requested.

20. The foregoing expenses were incurred solely in connection with the Viking litigation and are reflected on the books and records of my firm which are maintained in the ordinary course of business. This cost summary has been prepared from expense vouchers and check records, and are an accurate record of the expenses incurred in this case.

21. In the early stages of the prosecution of this case, Jennifer A. Scott of the law firm of Herum Crabtree provided some assistance. Her declaration is included as part of this fee application. We also received the assistance of Farella, Braun & Martel LLP ("FBM") during the mediation relating to insurance coverage issues. I have reviewed the detailed time of FBM and have discussed such time with John D. Green, a partner at FBM, and was informed that the description of the work is accurate, including the date the work was performed, the nature of the work performed, and the time expended to perform the work. Mr. Green also informed me that the amount of time actually performed by FBM was in excess of the time billed herein.

22. There has been no duplication of services for which Plaintiffs' counsel now seeks compensation. A summary of time, lodestar, and reimbursable costs of all Plaintiffs' counsel is attached hereto as **Exhibit B**.

### Skill of Required Counsel

23. The combined skills of the firms appointed as Class Counsel were necessary to achieve the Settlement. This case presented a range of difficulties requiring the efforts of highly skilled and experienced class action attorneys.

///

### Preclusion of Other Work

24. My time commitment to this case was considerable. I have had to turn away opportunities to accept or participate in other substantial cases in order to devote the appropriate level of time and resources to this matter. Devoting such a disproportionate amount of my time to this case inevitably increased the financial risk.

### Risk of the Litigation

25. Class Counsel undertook this litigation on a contingent fee basis. The litigation required counsel to assume an unusually high risk of an adverse outcome because of the complex legal issues presented and the uncertainty of damages.

### Distribution of Fee Award

26. I have been directly involved in all aspects of this litigation from the initial filing in 2007 through discovery, trial preparation, and settlement. I have a complete understanding of the relative roles and contributions of all class counsel firms. Co-lead counsel are in a position to distribute the attorney fee award among counsel assisting in this case based upon both lodestar and value of their contribution.

### ADEQUACY OF SETTLEMENT

27. The *Deist* action has been litigated in state court before Judge Carter Holly for over five years. The *Cartwright* action has been pending for nearly three years. Both actions present very complex legal issues regarding liability and damages.

28. The *Cartwright* action originally included theories of strict liability, negligence, express warranty, implied warranty, and consumer fraud claims under both the UCL and CLRA. The Court denied certification of a litigation class under strict liability and negligence for, among other reasons, the difficulty of proving class wide "appreciable harm" or damage to something other than the product, *caused by the product*. The warranty theories proved extremely challenging on the issues of privity for any class member who was not an original owner or purchaser of the Viking windows. It was only under the UCL and CLRA theories of recovery that the *Cartwright* action secured protection for class members who were not the owners of the properties at the time the

windows were installed.  Even so, the consumer fraud theories of recovery presented serious challenges.  Viking continued to assert, with expert support, that the windows were not defective either in design or manufacture.  Class Counsel disagreed and the collective work of Plaintiffs' experts showed otherwise.

29.  This Settlement constitutes a favorable result that was made possible by the dedication and skill of Class Counsel.  The Viking class members, consisting of all original or successor owners (with the rights of successor owners being protected solely by the *Cartwright* action), will be allowed to participate in the settlement.  Any owner of Viking windows, whether the original owner or successor owner, may collect under the Settlement under a three tier structure if they have leaks caused by the windows.  Because replacement of the windows has been demonstrated to be largely unnecessary, the settlement funds will be for the purpose of addressing resulting water damage from leaks.

30.  The settlement, which will allow Class Members to be paid up to $500.00 each (depending on how many leaking windows they have), is, in the opinion of experienced Class Counsel, fair, adequate, and reasonable.  Carefully taking into consideration all factors, Class Counsel represent to the Courts that the Settlement is appropriate under class action standards of fairness and adequacy, and request that the Courts order preliminary approval.

## **Incentive Award to Class Representatives**

31.  Class Counsel seek an incentive award to Class Representatives Lloyd and Lynda Cartwright.  The request for the incentive award of $12,500.00 has been agreed to by all parties and is embodied in the settlement agreement.  (Settlement Agreement, ¶ 10.7)

32.  Throughout the pendency of this case it has been my responsibility as Class Counsel to interact with Class Representatives Lloyd and Lynda Cartwright.  In that regard, I have met with the Cartwrights on numerous occasions including two days for deposition preparation and depositions, and numerous site inspections at their home.

33.  In addition, on many occasions, I discussed with the Cartwrights by telephone and e-mail numerous issues and matters relating to this case.  They have been very responsive to our

requests to speak with them and meet when necessary. They set aside a considerable amount of time to work with me and my staff to assist us in the prosecution of this case. I have discussed or reviewed all major pleadings in this case with the Cartwrights. They have responded to interrogatories and document requests and were deposed. There were also extensive inspections and forensic testing at the Cartwright residence with experts from both sides inspecting the property on multiple occasions. I provided a copy of the Settlement Agreement to the Cartwrights and have discussed with them in detail the terms and conditions of the Settlement. The Cartwrights understand the Settlement and have agreed to the terms and conditions therein.

34. Having satisfied all duties and responsibilities in their role as class representatives, an incentive award of $12,500.00 is in my opinion reasonable and fair.

## **CONCLUSION**

35. Under the terms of the Settlement, Viking has agreed to pay $5,600,000.00 as attorneys' fees and costs. Class Counsel for both the *Deist* action ("Deist Counsel") and the *Cartwright* action ("Cartwright Counsel") have agreed to divide the fee based upon their time into the case after reimbursement of costs: 36% to Cartwright Counsel and 64% to Deist Counsel. The $5,600,000.00 in fees and costs does not cover the lodestar of Class Counsel. Class Counsel's collective lodestar in the Deist and Cartwright actions is $5,326,233.00. Total costs were $1,493,908.37. It was necessary for Class Counsel to reduce the hourly rate by nearly 20% to achieve a settlement.

36. Out of the $5,600,000.00, Cartwright Counsel and Deist Counsel collectively seek total fees in the amount of $4,106,091.63, and total costs in the amount of $1,493,908.37.

37. On the basis of the standards set forth above, the work performed, and the benefits conferred on the class by those efforts, Class Counsel respectfully request that the Court award attorneys' fees and costs in the amount of $5,600,000.00 as called for the by the terms of the settlement agreement

38. Cartwright Counsel request fees in the amount of $1,478,192.99 (36%) plus costs of $230,373.92, for a total of $1,708,566.91. Cartwright Counsel also request the Court award Deist

Counsel attorneys' fees in the amount of $2,627,898.64 (64%) plus costs of $1,263,534.45, for a total of $3,891,433.09. (Collectively, these amounts total $5,600,000.00).

  39. Cartwright Counsel intend to divide the fees and costs as follows:

   a. Birka-White Law Offices will receive $1,169,085.31 (fees in the amount of $1,019,552.17, plus costs in the amount of $149,533.14);

   b. LCHB will receive $445,779.03 (fees in the amount of $367,939.56, plus costs in the amount of $77,839.47);

   c. Herum Crabtree will receive $73,518.91 (fees in the amount of $71,608.18, plus costs in the amount of $1,910.73); and

   d. Farella, Braun & Martel will receive $20,183.58 (fees in the amount of $19,093.00, plus costs in the amount of $1,090.58).

  40. Cartwright Counsel will receive approximately 82% of their total lodestar. Obviously, there is no multiplier of our lodestar being requested.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. This declaration was executed on May 25, 2010, at Danville, California.

_____
DAVID M. BIRKA-WHITE

**DAVID M. BIRKA-WHITE, ESQ.**
*Birka-White Law Offices*
*The Danville Hotel*
*411 Hartz Avenue, Suite 200*
*Danville, CA 94526*
*Telephone:  (925) 362-9999*
*Facsimile:  (925) 362-9970*

**DAVID M. BIRKA-WHITE,** born Los Angeles, California, October 12, 1952; admitted to bar, 1979, California and U.S. District Court, Northern and Eastern Districts of California.  Education:  University of California at Berkeley (B.A.,'74); San Francisco Law School, J.D..  Member, University of California, Boalt Hall Industrial Relations Law Review, 1975-1976.  Member: San Francisco County, Alameda County and Contra Costa County Bar Associations; State Bar of California; American Association for Justice (since 1979); Consumer Attorneys of California (Board of Directors, 2000); Alameda-Contra Costa Trial Lawyers Association (Board of Governors, 1992-1996); San Francisco Trial Lawyers Association.

Mr. Birka-White is AV-rated, and is included in The Bar Register of Preeminent Lawyers published by Martindale-Hubbell.

Mr. Birka-White has been selected as a "Super Lawyer" for 2007, 2008, 2009, and 2010 by San Francisco Magazine in the practice areas of class action/mass torts, which represents the top 5% of attorneys in Northern California.

Mr. Birka-White specializes in class action cases relating to product failure and consumer protection cases.  During the last 30 years, he has served as lead or co-lead counsel in a large number of class actions and complex cases involving defective products and consumer fraud.

Mr. Birka-White is a contributing author to "California Class Actions Practice and Procedure" published in 2003.

Mr. Birka-White served as Legal and Technical Advisor to California State Senator Nicholas Petris, who authored Senate Bill 1873.   The bill, signed into law as Health and Safety Code Section 17921.7 imposes penalties for the sale or use of sub-standard plastic in ABS plastic pipe.   The legislation came a as result of the ABS pipe litigation initiated and prosecuted by Mr. Birka-White.

Mr. Birka-White has served as a speaker at seminars involving product failures and product liability class actions.  He has spoken at the Annual Convention of Forum, the construction section of the American Bar Association, on the subject of building product class actions.

Mr.  Birka-White served as lead trial counsel in the class action trial entitled Shake Roof Cases, J.C.C.P. 4208 in the Superior Court, County of Contra Costa.

Mr.  Birka-White served as co-lead trial counsel in the class action trial of NatureGuard Cement Roofing Shingles Cases, J.C.C.P.4215, in the Superior Court, County of Stanislaus.

Mr. Birka-White has served as Court appointed lead or co-lead Plaintiff settlement or litigation class counsel in the following class actions:

1. **Garner v. State Farm Mutual Automobile Insurance Company**
   U.S. District Court, Northern District of California, Case No. 4:08-cv-01365

2. **Cartwright v. Viking Industries, Inc.**
   U.S. District Court, Eastern District of California, Case No. 2:07-CV-02159

3. **Owens Corning, Chapter 11, Mira Vista Roofing Products**
   United States Bankruptcy Court in the District of Delaware; Case Number 00-3837 (JKF)

**EXHIBIT A**

4. ***NatureGuard Cement Roofing Shingles Cases***
   Judicial Council Coordination Proceeding No. 4215
   Stanislaus Superior Court, Case No. 275768

5. ***Bowen-Fromm, et al.   v.   Terra Roofing Products, et al***
   Alameda Superior Court, Case No. 2001-028588

6. ***Shake Roof Cases***
   ***(Weiner, et al. v. Shake Company of California, et al.)***
   Judicial Council Coordination Proceeding No. 4208
   Contra Costa County Superior Court, Case No. C99-00318

7. ***Milano, et. al. vs. Cal-Shake, inc. (Old Cal-Shake)***
   Judicial Council Coordination Proceeding No. 4208
   Contra Costa County Superior Court, Case No. C99-00318

8. ***Roy D. Richison, et al. v. American Cemwood, et al.***, Phase I and Phase II
   San Joaquin County Superior Court, Case No. 005532

9. ***Shah, et al. v. Re-Con Building Products, Inc., et al.***, Phase I and Phase II
   Contra Costa County Superior Court, Case No. C99-02919

10. ***Koslosky v Domtar, Inc.; Georgia-Pacific Corp. & Georgia Pacific Gypsum Corp.***
    San Joaquin County Superior Court, Case No. VC 011260

11. ***Hazelwood v. Albert D. Seeno Construction Co., Inc., et al. (Seeno)***
    Contra Costa County Superior Court, Case No. C94 05673

12. ***Byron Dahl v. Polaris Pipe Co., et al.***
    Contra Costa County Superior Court, Case No. C 94 02132

13. ***Jan Marshall, et al. v. Centaur Mfg., Inc., et al.***
    Santa Clara County Superior Court, Case No. CV 7366949

14. ***Clark Edwards, et al. v. Phoenix Extrusion Co., et al.***
    Santa Clara County Superior Court, Case No. CV 736950

15. ***Martin v. Gable Plastics, Inc., et al.***
    Contra Costa County Superior Court, Case No. C 94 05619

16. ***Joseph Charette v. Apache Plastics, Inc., et al.***
    Shasta County Superior Court, Case No. 126341

17. ***Southfork, ABS Pipe Developer Litigation***
    Contra Costa County Superior Court, Case No. C94 05673

18. ***Wolfe v. Winncrest Homes***
    Sacramento County Superior Court, Case No. 95AS05291

19. ***Blackwell, ABS Pipe Developer Litigation***
    Contra Costa County Superior Court, Case No. C94 05673

20. ***ABS Pipe Cases II***
    Judicial Council Coordination Proceeding, No. 3126
    Contra Costa County Superior Court, Case No. C94 05673
    (***Amfac***)

21. ***ABS Pipe Cases II***

        Judicial Council Coordination Proceeding, No. 3126
        Contra Costa County Superior Court, Case No. C94 05673
        ***(Plastic Processing, Inc.)***

22.   ***ABS Pipe Cases II***
        Judicial Council Coordination Proceeding, No. 3126
        Contra Costa County Superior Court, Case No. C94 05673
        ***(International Association of Plumbing and Mechanical Officials ('IAPMO'))***

23.   ***Heilman, et al. v. Perfection Corporation, et al.***
        U.S. District Court, Western District of Missouri, Case No. 99-0679-CW-W-6
        (Settlement Class Counsel)

*Mr. Birka-White has served as lead or co-lead counsel for the following complex cases:*

1.   ***The Arcadian Group v. Briggs Industries, Inc.***
        Contra Costa County Superior Court, Case No. C 94 80224

2.   ***Auburn Creek Investors v. Centaur Mfg., Inc.***
        Shasta County Superior Court, Case No. 104892

3.   ***Robert Ayers v. Iron Oaks Supply Corporation, et al***.
        Calaveras County Superior Court, Case No. 16142

4.   ***Azevedo v. Quality Inn***
        Sonoma County Superior Court, Case No. 172825

5.   ***Peter Banks, et al. v. Centaur Mfg., Inc.***
        Alameda County Superior Court, Case No. 721990-4

6.   ***Barnett-Range v. P.E. O'Hair***
        Stanislaus County Superior Court

7.   ***Frank Benna v. Damé Construction, and related cases***
        Contra Costa County Superior Court, Case No. C 89 02523

8.   ***Vern Brizendine and Mary Brizendine v. P.E. O'Hair & Co., et al.***
        Contra Costa County Superior Court, Case No. C90-00250

9.   ***Canyon Woods Owners Association II v. Gable Plastics, Inc., et al.***
        Contra Costa County Superior Court, Case No. C93-05757

10.   ***CH Portfolio v. P.E. O'Hair, et al.***
        Fresno County Superior Court, Case No. 467187-1

11.   ***John Childs and Betty Childs v. P.E. O'Hair & Co., et al.***
        Contra Costa County Superior Court, Case No. C90 03386

12.   ***C.I.R. Plumbing, Inc. v. P.E. O'Hair & Co.***
        Los Angeles County Superior Court, Case No. NVC12491

13.   ***Davis v. Apache Plastics, et al.***
        Contra Costa County Superior Court

14.   ***Diogardi v. Apache Plastics, et al.***
        Contra Costa County Superior Court

15. *Samuel Engel, et al. v. Mariner Village, et al.*
    Monterey County Superior Court, Case No. 88302

16. *Feather River Construction v. Harold Elwanger*
    Sutter County Superior Court, Case No. 38143

17. *Fred Ferrari and Sherry Ferrari v. P.E. O'Hair & Co., et al.*
    Contra Costa County Superior Court, Case No. C89-05330

18. *Filmore v. Gable Plastics, et al.*
    Alameda County Superior Court, Case No. 731760

19. *The Fisk Trust, et al. v. Gable Plastics, Inc., et al. (Lincolnwoods)*
    Sacramento County Superior Court, Case No. 538567

20. *Slobodan Galeb v. Kimberly Woods Assoc., et al.*
    Santa Clara County Superior Court, Case No. 701275

21. *The Gardens Sunnyvale HOA v. UWC-Sunnyvale, a California Limited Partnership*
    Santa Clara County Superior Court, Case No. 697132

22. *Green v. Gable Plastics, Inc., et al.*
    Alameda County Superior Court, Case No. 750966-9

23. *Grupe Development Co. v. P.E. O'Hair & Co.*
    Fresno County Superior Court, Case No. 410609-2

24. *Dorothy Ironson, et al. v. Centaur Mfg., Inc*.
    Tehama County Superior Court, Case No. 36636

25. *Kimberly Woods Associates v. Centaur Mfg., Inc.*
    Santa Clara County Superior Court, Case No. 702623

26. *Kreis v. Apache Plastics, et al.*
    Contra Costa County Superior Court

27. *Lakeside v. Federal Insurance Co.*
    United States District Court, Northern District of California,
    Case No. C 91-20217 WAI

28. *Lakeside Village Investors v. Feather River Constr. and Development Company, et al.*
    Sutter County Superior Court, Case No. 41748

29. *McCurry Plumbing, Wayne McCurry v. P.E. O'Hair*
    Fresno County Superior Court

30. *Olen Acacia Corp. v. Centaur Mfg., et al.*
    San Bernardino County Superior Court, Case No. SCV 26238

31. *Edna E. Piche v. P.E. O'Hair & Co., et al.*
    Contra Costa Superior Court, Case No. C90-00624

32. *Quailwood I Apartments and C. O'Dell v. P.E. O'Hair & Co., et al.*
    San Mateo County Superior Court, Case No. 317548

33. *Quality Inn - Petaluma Partners v. Lois L. Azevado , et al.*
    Sonoma County Superior Court, Case No. 172825

34. *Roy D. Richison, et al. v. American Cemwood, et al.*

Solano County Superior Court, Case No. 005532

35. ***Ridgewood Manor I HOA v. Standard Pacific, et al.***
    Alameda County Superior Court, Case No. H 174123-2

36. ***River Run Apartments v. Centaur Mfg. Inc.***
    Solano County Superior Court, Case No. 115955

37. ***Segura v. Gable Plastics, Inc., et al.***
    Alameda County Superior Court, Case No. 731898

38. ***Shadowbrook Investments v. P.E. O'Hair & Co.***
    Stanislaus County Superior Court, Case No. 237667

39. ***C. La Del Stewart v. Centaur***
    Fresno County Superior Court

40. ***Stockman v. P.E. O'Hair & Co., et al.***
    Contra Costa Superior, Case No. C90-00503

41. ***Strouzas v. Gable Plastics, Inc., et al.***
    Alameda County Superior Court, Case No. 750964-1

42. ***Sycamore Greens Associates v. Gable Plastics, Inc., et al.***
    San Diego County Superior Court, Case No. 695558

43. ***Tract No. 3564 Association v. P.E. O'Hair, et al.***
    Fresno County Superior Court, Case No. 422539-7

44. ***Tucker v. Apache Plastics, et al.***
    Shasta County Superior Court, Case No. 268991

45. ***V.O. Associates v. Orion Group, Inc., et al.***
    Stanislaus County Superior Court, Case No. 320375

46. ***V.O. Associates v. Centaur Mfg., Inc.***
    Stanislaus County Superior Court, Case No. 276421

47. ***Vacaville Quail Run v. 700 Market Associates XXIII***
    Contra Costa County Superior Court, Case No. C 95 09039

48. ***Western Land Properties v. Centaur, et al. (Sycamore I)***
    Solano County Superior Court, Case No. L002762

49. ***Western Land Properties v. Centaur, et al. (Sycamore II)***
    Solano County Superior Court, Case No. L002764

50. ***Western Land Properties v. Centaur, et al. (Rosewood)***
    Sacramento County Superior Court, Case No. 540042

51. ***Western Land Properties v. Centaur, et al. (Tallyho)***
    Sacramento County Superior Court, Case No. 54001

52. ***Westwood Village Condominium Association v. RWC California Co., et al.***
    Contra Costa County Superior Court, Case No. C 95 01060

53. ***Whitley v. Perfection Corporation, et al.***
    San Francisco County Superior Court, Case No. 304215

54. ***Joseph Yedlica and Karen Yedlica v. Centaur Mfg., Inc.***
    Monterey County Superior Court, Case No. 89375

55. ***Zam Development v. Centaur, et al.***
    Solano County Superior Court

*Mr. Birka-White has also served as a consultant on numerous other product liability cases throughout the State of California.*

**BIRKA-WHITE LAW OFFICES**
The Danville Hotel
411 Hartz Avenue, Suite 200
Danville, CA 94526
Tel: (925) 362-9999
Fax: (925) 362-9970

Re:   *Cartwright v. Viking* (Matter No. 2001-16)
      Time and Costs through March 4, 2010

**BIRKA-WHITE LAW OFFICES**

| Timekeeper | Title | Hours | Rate | Total |
|---|---|---|---|---|
| David M. Birka-White | Partner | 948.25 | 600.00 | $568,950.00 |
| Stephen Oroza | Partner | 751.42 | 600.00 | $450,852.00 |
| Thomas D. Hicks | Associate | 279.63 | 350.00 | $97,870.50 |
| Mindy M. Wong | Associate | 197.80 | 300.00 | $59,340.00 |
| Madeleine Mulkern | Paralegal | 276.20 | 200.00 | $55,240.00 |
| Britt Henke | Database Specialist | 96.50 | 75.00 | $7,237.50 |
|  |  | **2549.80** |  | **$1,239,490.00** |

**LIEFF, CABRASER, HEIMANN, & BERSTEIN, LLP**

| Timekeeper | Title | Hours | Rate | Total |
|---|---|---|---|---|
| Elizabeth Cabraser | Partner | 2.50 | 850.00 | $2,125.00 |
| William Bernstein | Partner | 0.30 | 850.00 | $255.00 |
| Robert Nelson | Partner | 248.50 | 725.00 | $180,162.50 |
| Jonathan Selbin | Partner | 0.80 | 650.00 | $520.00 |
| Jennifer Gross | Partner | 140.30 | 475.00 | $66,642.50 |
| Kristen Law | Partner | 5.20 | 450.00 | $2,340.00 |
| Kristen Law | Associate | 0.40 | 380.00 | $152.00 |
| Allison Elgart | Associate | 0.90 | 390.00 | $351.00 |
| Roger Heller | Associate | 3.20 | 450.00 | $1,440.00 |
| Steven Swerdlow | Associate | 391.70 | 370.00 | $144,929.00 |
| Richard Anthony | Sr. Paralegal | 171.60 | 245.00 | $42,042.00 |
| Todd Carnam | Paralegal | 7.50 | 225.00 | $1,687.50 |
| Hazel Mottershead | Paralegal | 1.00 | 235.00 | $235.00 |

**EXHIBIT B**

| Timekeeper | Title | Hours | Rate | Total |
|---|---|---|---|---|
| Brian Troxel | Paralegal | 1.20 | 235.00 | $282.00 |
| Alexander Zane | Paralegal | 4.30 | 235.00 | $1,010.50 |
| Kirti Dugar | Sr. Paralegal | .5 | 345.00 | $172.50 |
| Scott Alameda | Database Specialist | 11.00 | 260.00 | $2,860.00 |
| Renee Mukherji | Research Specialist | 0.50 | 210.00 | $105.00 |
| | | **991.40** | | **$447,311.50** |

**FARELLA, BRAUN + MARTEL LLP**

| Timekeeper | Title | Hours | Rate | Total |
|---|---|---|---|---|
| William R. Friedrich | Partner | 3.0 | 825.00 | $2,475.00 |
| John D. Green | Partner | 18.0 | 715.00 | $12,870.00 |
| Brett Wheeler | Associate | 4.4 | 320.00 | $1,408.00 |
| David Smith | Sr. Paralegal | 6.0 | 390.00 | $2,340.00 |
| | | **31.40** | | **$19,093.00** |

**HERUM \CRABTREE**

| Timekeeper | Title | Hours | Rate | Total |
|---|---|---|---|---|
| Jennifer A. Scott | Partner | 92.30 | 395.00 | $36,458.50 |
| Jennifer A. Scott | Partner | 109.20 | 295.00 | $32,214.00 |
| Jennifer A. Scott | Partner | 11.30 | 230.00 | $2,599.00 |
| James B. Brown | Partner | 4.00 | 395.00 | $1,580.00 |
| Seth P. Shapiro | Associate | 36.80 | 295.00 | $10,856.00 |
| Seth P. Shapiro | Associate | 0.70 | 195.00 | $136.50 |
| Richard Asfar | Associate | 1.20 | 295.00 | $354.00 |
| Stephen M. Siptroth | Associate | 3.00 | 150.00 | $450.00 |
| Mary E. Varni | Paralegal | 6.50 | 150.00 | $975.00 |
| Cynthia Noceti | Paralegal | 9.55 | 150.00 | $1,432.50 |
| | | **274.55** | | **$87,055.50** |

## SUMMARY

| | | |
|---|---:|---:|
| Birka-White Law Offices | 2549.80 | $1,239,490.00 |
| Lieff Cabraser Heimann & Bernstein | 991.40 | $447,311.50 |
| Farella, Braun + Martel | 31.40 | $19,093.00 |
| Herum\Crabtree | 274.55 | $87,055.50 |
| **FEES** | **3847.15** | **$1,792,950.00** |
| Birka-White Law Offices Costs | | $149,533.14 |
| Lieff Cabraser Heimann & Bernstein Costs | | $77,839.47 |
| Farella, Braun + Martel Costs | | $1,090.58 |
| Herum\Crabtree Costs | | $1,910.73 |
| **COSTS** | | **$230,373.92** |
| **GRAND TOTAL** | | **$2,023,323.92** |