1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10                       **SACRAMENTO DIVISION**

| | |
|---|---|
| 11  LYNDA CARTWRIGHT and LLOYD | Case No.  2:07-cv-2159-FCD-EFB |
| 12  CARTWRIGHT, on behalf of themselves and all others similarly situated, | |
| 13              Plaintiffs, | **ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES** |
| 14  v. | |
| 15  VIKING INDUSTRIES, INC., an Oregon Corporation, and DOES 1-100, inclusive, | |
| 16 | |
| 17              Defendants. | |

18                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

19                       **SAN JOAQUIN COUNTY**

20                           **STOCKTON**

| | | |
|---|---|---|
| 21  JOHN DEIST, et al., on behalf of himself | Case No.  CV025771 | |
| 22  and all others similarly situated, | | |
| 23              Plaintiffs, | Judge:    | Hon. Carter Holly |
| | Dept:     | C-42 |
| 24  v. | Hearing Date: | August 27, 2010 |
| | Hearing Time: | 9:30 am |
| 25  VIKING INDUSTRIES, INC., an Oregon Corporation, et al., | | |
| 26 | | |
| 27              Defendants. | | |

28

887073.1

1    These matters come before the Courts upon Class Counsel's Motion for Award of

2   Attorneys' Fees and Expenses, filed on May 25, 2010. Upon consideration of the papers and

3   arguments presented, the Courts ORDER as follows:

4    Class Counsel requests an aggregate fee and expense award of $5,600,000.00. For

5   the foregoing reasons, the Courts find that such an award is fair, reasonable, and justified under

6   applicable law.

7   Applicable Standard

8    The Courts find that it is appropriate to calculate Class Counsels' fee in this case

9   pursuant to the "lodestar" method. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir.

10   1998); *Create-A-Card, Inc. v. Intuit, Inc.*, 2009 WL 3073920 at * 1 (N.D. Cal. Sep. 22, 2009);

11   *Serrano*, 20 Cal.3d at 37-38; *Lealao v. Beneficial California, Inc.*, 82 Cal.App.4th 1794, 1810

12   (1996).

13    The lodestar figure is derived by multiplying the number of hours reasonably

14   expended by counsel by a reasonable hourly rate. *Hanlon*, 150 F.3d at 1029 (citing *Blum v.*

15   *Stenson*, 465 U.S. 886, 897 (1984)); *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028 (9th Cir.

16   2000); *Graham v. DaimlerChrysler*, 34 Cal.4th 553, 579 (2005). The lodestar may then be adjusted

17   up or down by an appropriate multiplier, based upon factors not subsumed in the initial calculation

18   of the lodestar. *Hanlon*, 150 F.3d at 1029 (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70

19   (9th Cir. 1975)); *Ferdland v. Conrad Credit Corp.*; 244 F.3d 1145, 1149 n.4 (9th Cir. 2001);

20   *Serrano*, 20 Cal.3d at 48; *Lealao*, 82 Cal.App.4th at 26.

21   Class Counsel's Lodestar is Reasonable

22    The Courts find that the hours billed by Class Counsel in these cases are reasonable

23   given, *inter alia*, the necessary work performed by Class Counsel for the benefit of the Class, the

24   complexity of the issues involved in these cases, and the fact that Class Counsel worked carefully to

25   avoid duplication of effort. Both fact discovery and expert discovery in these actions were largely

26   completed. The actions were both sharply contested, and involved a demurrer/motion to dismiss,

27   certification of litigation classes, summary judgment (in *Deist*), and were readied for trial. *See*

28   *Caudle*, 224 F.3d at 1028; *Serrano*, 20 Cal.3d at 49.

887073.1                    -2-

1    The Courts also find that Class Counsels' hourly rates, which have previously been
2    approved by courts, are reasonable and commensurate with the rates charged by attorneys with
3    comparable skill and experience in their geographic areas. *Blum*, 465 U.S. at 895.

4              Class Counsel's Requested Fee, Which is Less Than Their Lodestar, is Reasonable.

5              Ninth Circuit and California courts consider essentially the same factors in
6    determining whether and to what extent counsel's lodestar value should be adjusted. *See Hanlon*,
7    150 F.3d at 1029 (citing *Kerr*, 526 F.2d at 70); *Serrano*, 20 Cal.3d at 48; *Lealao*, 82 Cal.App.4th at
8    26. These factors, if anything, could support an upward enhancement (*i.e.*, a multiplier) of Class
9    Counsel's lodestar here. Nevertheless, the fee requested by Class Counsel is less than their lodestar,
10   and is certainly reasonable under the circumstances.

11             First, Class Counsel achieved a strong result for the Settlement Class, particularly
12   given the considerable challenges they faced in these actions. *See Kerr*, 526 F.2d at 70; *Thayer v.
13   Wells Fargo Bank*, 92 Cal.App.4th 819, 838 (2001).

14             Second, Class Counsel assumed significant risks in pursuing these actions. *See In re
15   Washington Public Power Supply System Sec. Litig.*, 19 F.3d 1291, 1299-1300 (9th Cir. 1994)
16   ("Contingent fees that may far exceed the market value of the services if rendered on a non-
17   contingent basis are accepted in the legal profession as a legitimate way of assuring competent
18   representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they
19   win or lose."); *Nat'l Fed'n of the Blind v. Target Corp.*, 2009 WL 2390261, * 6-7 (N.D. Cal. Aug.
20   3, 2009); *Velasquez v. Khan*, 2005 WL 2397058 at * 3 (E.D. Cal. Sep. 28, 2005); *Ketchum v.
21   Moses*, 24 Cal.4th 1122, 1138 (2001); *Serrano*, 20 Cal.3d at 48; *People v. Millard*, 175 Cal.App.4th
22   7, 33 (2009). Class Counsel in both actions prosecuted these cases on a purely contingent basis,
23   agreeing to advance all necessary expenses and that they would only receive a fee if there were a
24   recovery. Indeed, Class Counsels' outlay of time and money in these cases has been considerable.
25   Moreover, Class Counsels' risks were enhanced here due to the complex and challenging nature of
26   the cases, and the years of litigation prosecution of the cases required.

27             Third, these cases required Class Counsel to litigate numerous complex legal and
28   factual issues, and great skill was required of, and demonstrated by, Class Counsel in these cases.

887073.1                                      -3-

1 | *See Hanlon.* 150 F.3d at 1029; *Serrano*, 20 Cal.3d at 49.

2 |       Fourth, Class Counsel had to turn down opportunities to work on other cases in

3 | order to devote the appropriate amount of time, resources, and energy necessary to handle these

4 | complex and demanding matters. *See Kerr*, 526 F.2d at 70; *Nat'l Fed'n of the Blind*, 2009 WL

5 | 2390261 at * 6-7; *Serrano*, 20 Cal.3d at 49; *Ketchum*, 24 Cal.4th at 1132.

6 |       Finally, the Courts find that Class Counsel's out-of-pocket expenses in these actions,

7 | in the amount of approximately $1.4 million, were reasonably incurred for the successful

8 | prosecution of these actions.

9 |       Therefore, the Courts hereby GRANT Class Counsel's Motion for Award or

10 | Attorneys' Fees and Expenses, and ORDER as follows:

11 |       Class Counsel is awarded a total of $5,600,000 in attorneys' fees and expenses, to be

12 | distributed among counsel as follows:

13 |

| | |
|---|---|
| Eppsteiner & Fiorica Attorneys, LLP | $2,282,291.87 |
| Milstein, Adelman & Kreger, LLP | $1,609,141.30 |
| Lieff Cabraser Heimann & Bernstein, LLP | $445,779.03 |
| Birka-White Law Offices | $1,169,085.31 |
| Herum Crabtree | $73,518.91 |
| Farella, Braun & Martel, LLP | $20,183.58 |

21 | IT IS SO ORDERED.

23 | Dated: _August 27, 2010_     By: _____
24 |               Frank C. Damrell, Jr.
              UNITED STATES DISTRICT JUDGE

26 | Dated: _____     By: _____
27 |               Carter Holly
              SAN JOAQUIN COUNTY
28 |               SUPERIOR COURT JUDGE

887073.1        -4-

1 | *See Hanlon.* 150 F.3d at 1029; *Serrano*, 20 Cal.3d at 49.

2 |     Fourth, Class Counsel had to turn down opportunities to work on other cases in

3 | order to devote the appropriate amount of time, resources, and energy necessary to handle these

4 | complex and demanding matters. *See Kerr*, 526 F.2d at 70; *Nat'l Fed'n of the Blind*, 2009 WL

5 | 2390261 at * 6-7; *Serrano*, 20 Cal.3d at 49; *Ketchum*, 24 Cal.4th at 1132.

6 |     Finally, the Courts find that Class Counsel's out-of-pocket expenses in these actions,

7 | in the amount of approximately $1.4 million, were reasonably incurred for the successful

8 | prosecution of these actions.

9 |     Therefore, the Courts hereby GRANT Class Counsel's Motion for Award or

10 | Attorneys' Fees and Expenses, and ORDER as follows:

11 |     Class Counsel is awarded a total of $5,600,000 in attorneys' fees and expenses, to be

12 | distributed among counsel as follows:

| | |
|---|---|
| Eppsteiner & Fiorica Attorneys, LLP | $2,282,291.87 |
| Milstein, Adelman & Kreger, LLP | $1,609,141.30 |
| Lieff Cabraser Heimann & Bernstein, LLP | $445,779.03 |
| Birka-White Law Offices | $1,169,085.31 |
| Herum Crabtree | $73,518.91 |
| Farella, Braun & Martel, LLP | $20,183.58 |

21 |     IT IS SO ORDERED.

23 | Dated: _____

By: _____
Frank C. Damrell, Jr.
UNITED STATES DISTRICT JUDGE

Dated: *August 27 2010*

By: _____
Carter Holly
SAN JOAQUIN COUNTY
SUPERIOR COURT JUDGE

887073.1    -4-

[PROPOSED] ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
CASE NO. 2:07-CV-2159-FCD-EFB