UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| LYNDA CARTWRIGHT and LLOYD CARTWRIGHT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIKING INDUSTRIES, INC., an Oregon Corporation, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:07-cv-2159-FCD-EFB |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

SAN JOAQUIN COUNTY

STOCKTON

| | |
|---|---|
| JOHN DEIST, et al., on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIKING INDUSTRIES, INC., an Oregon Corporation, et al.,<br><br>Defendants. | Case No. CV025771 |

887014.1

## FINAL ORDER AND JUDGMENT

Having considered all motions, memoranda and submissions made in connection with the proposed Class Action Settlement Agreement dated April 23, 2010, together with all of the Exhibits attached thereto ("Settlement" or "Settlement Agreement"), and the record of these proceedings, the representations, argument, and recommendations of counsel for the moving parties, and the requirements of law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All definitions and terms set forth in the Settlement are hereby adopted and incorporated into this Final Order and Judgment.

2. Both the Superior Court, County of San Joaquin, and the United States District Court, pursuant to 28 U.S.C. §1332, have jurisdiction over the subject matter and over the parties, i.e., Representative Plaintiffs, Plaintiff Settlement Class, all Plaintiff Settlement Class Members, except those who have timely excluded themselves (opted out) from the Settlement, and Defendant Viking Industries, Inc ("Viking"), to this proceeding.

3. Venue is proper in each Court.

4. Each Court hereby confirms its preliminary findings regarding certification of the Plaintiff Settlement Class, in accord with Federal Rule of Civil Procedure 23(e) and California Rule of Court 3.769, and approves the Settlement as being fair, adequate, reasonable, and in the best interests of the Plaintiff Settlement Class.

5. Each Court reconfirms the appointment of the following persons as Representative Plaintiffs: Clements Ott, Reina Ott, Stephen Jaffe, Toni Jaffe, Charles Stark, Lloyd and Lynda Cartwright.

6. Each Court reconfirms the appointment of the following attorneys as Class Counsel: David M. Birka-White, of Birka-White Law Offices, and Robert J. Nelson, of Lieff, Cabraser, Heimann & Bernstein, LLP in the *Cartwright* action; Stuart M. Eppsteiner, of Eppsteiner & Fiorica Attorneys, LLP, and Paul D. Stevens, Milstein, of Adelman & Kreger, LLP in the *Deist* action.

7.   Each Court reconfirms the appointment of Larkspur Design Group ("Larkspur") as the Settlement Administrator, and directs Larkspur to perform the responsibilities of the Settlement Administrator as set forth in the Agreement.

8.   Each Court finds that the Notice of Proposed Class Action Settlement and the Notice Plan as carried out by the Settlement Administrator complied with this Court's Preliminary Approval Order dated June 4, 2010, and satisfied the requirements of Federal Rule of Civil Procedure 23(e) and due process, as well as California Rule of Court 3.769(f). Each Court has previously held the Notice Plan to be the best practicable under the circumstances. Each Court has ordered notice by mail to Plaintiff Settlement Class Members whose addresses are believed to be known to the Representative Plaintiffs, Class Counsel, Viking and Counsel for Viking, as well as published notice, as well as creation of both a website designed to provide information concerning the Settlement and a call center to answer questions from Class Members. Each Court finds that such notice was reasonably calculated to apprise the Plaintiff Settlement Class Members of the proposed Settlement, certification of the Plaintiff Settlement Class, and Class Counsel's application for fees and expenses, constituted sufficient notice to all persons entitled to notice, and satisfied all applicable requirements of law, including, but not limited to, Rule 23(e) of the Federal Rules of Civil Procedure and due process, as well as California Rule of Court 3.769(f). Both the mailed notice and published notice clearly and concisely informed Plaintiff Settlement Class Members of the relevant aspects of the litigation and the Settlement, including: (i) the definition of who is a Plaintiff Settlement Class Member; (ii) the history of the litigation; (iii) the terms of the Settlement; (iv) the binding effect of any judgment on those persons who are Class Members; (v) the right of Class Members to request exclusion (opt out) from the Plaintiff Settlement Class and the procedures and deadlines for doing so; (vi) a statement that any Plaintiff Settlement Class member who does not request exclusion may, if the member so desires, enter an appearance through counsel; (vii) the right of Plaintiff Settlement Class Members to object to any aspect of the Settlement and/or to appear at the Fairness Hearing and the procedures and deadlines for doing so; (viii) the date, time, and location of the

887014.1

- 2 -

1  Fairness Hearing; (ix) how to obtain additional information; (x) the benefits of the Settlement
2  and how to participate in the Settlement; (xi) information on the incentive award for the
3  Representative Plaintiffs; and (xii) information on Class Counsel's requested award of
4  attorneys' fees and expenses.

5      9.      The *Cartwright* Court finds that the Notice of Proposed Class Action
6  Settlement and the Notice Plan complied with the provisions of the Class Action Fairness Act,
7  28 U.S.C. §1715.

8      10.      The settlement of the *Cartwright* and *Deist* actions on the terms and conditions
9  set forth in the Settlement Agreement is approved and confirmed in all respects as fair,
10  reasonable and adequate under Federal Rule of Civil Procedure 23(e) and California Rule of
11  Court 3.769, and in the best interests of the Plaintiff Settlement Class and Plaintiff Settlement
12  Class Members, especially in light of the benefits to the Plaintiff Settlement Class and the
13  costs and risks associated with the complex proceedings necessary to achieve a favorable
14  result at trial and through any post-judgment appeals. Class Counsel and Viking are directed
15  to consummate the Settlement in accordance with the Settlement Agreement.

16      11.      Upon entry of this Final Judgment, each Plaintiff Settlement Class Member
17  who has not timely excluded (opted out) himself/herself from the Plaintiff Settlement Class,
18  fully releases and forever discharges each Releasee, as defined in the Settlement Agreement,
19  from any and all of the "Window Claims", as defined in the Settlement, that each Plaintiff
20  Settlement Class Member has had, now has, or may have in the future.

21      12.      By entry of this Final Judgment, each Plaintiff Settlement Class Member is
22  hereby forever barred and permanently enjoined from commencing, filing, initiating,
23  instituting, prosecuting, maintaining, or consenting to any action against any Releasee with
24  respect to the Window Claims.

13. The *Cartwright* Court, pursuant to 28 U.S.C. §1651, shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court, that threatens to undermine the Settlement in this case and this Final Order and Judgment. The *Deist* Court, pursuant to California Rule of Court 3.769(h), shall also retain jurisdiction over this matter to ensure the effectuation of the Settlement Agreement and enforce this Final Order and Judgment.

14. Each Court also awards $12,500 to the Representative Plaintiffs (one award of $12,500 per married couple) to compensate them for the effort, time and expense spent by them in connection with the prosecution of this action, in addition to any award they may receive under the Agreement.

15. FINAL JUDGMENT is hereby ENTERED with respect to all Window Claims the Plaintiff Settlement Class and any Plaintiff Settlement Class Member has had, now has or may have in the future.

16. This Final Judgment constitutes a final judgment within the definition of that term as set out in Federal Rule of Civil Procedure 54(a). Under California Code of Civil Procedure § 664.6, the *Deist* Court, in the interests of justice, directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that upon entry it be deemed a final, appealable judgment. Each Court DIRECTS the ENTRY OF JUDGMENT on all issues contained in this Final Order and Judgment.

Dated: August 27, 2010    By: _____
                              Frank C. Damrell, Jr.
                              UNITED STATES DISTRICT JUDGE

Dated: _____   By: _____
                              Carter Holly
                              SAN JOAQUIN COUNTY
                              SUPERIOR COURT JUDGE

887014.1                      - 4 -

FINAL ORDER AND JUDGMENT
CASE NO. 2:07-CV-2159-FCD-EFB

1   13.    The *Cartwright* Court, pursuant to 28 U.S.C. §1651, shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court, that threatens to undermine the Settlement in this case and this Final Order and Judgment. The *Deist* Court, pursuant to California Rule of Court 3.769(h), shall also retain jurisdiction over this matter to ensure the effectuation of the Settlement Agreement and enforce this Final Order and Judgment.

14.    Each Court also awards $12,500 to the Representative Plaintiffs (one award of $12,500 per married couple) to compensate them for the effort, time and expense spent by them in connection with the prosecution of this action, in addition to any award they may receive under the Agreement.

15.    FINAL JUDGMENT is hereby ENTERED with respect to all Window Claims the Plaintiff Settlement Class and any Plaintiff Settlement Class Member has had, now has or may have in the future.

16.    This Final Judgment constitutes a final judgment within the definition of that term as set out in Federal Rule of Civil Procedure 54(a). Under California Code of Civil Procedure § 664.6, the *Deist* Court, in the interests of justice, directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that upon entry it be deemed a final, appealable judgment. Each Court DIRECTS the ENTRY OF JUDGMENT on all issues contained in this Final Order and Judgment.

Dated: _____    By: _____
                               Frank C. Damrell, Jr.
                               UNITED STATES DISTRICT JUDGE

Dated: August 27, 2010    By: _____
                               Carter Holly
                               SAN JOAQUIN COUNTY
                               SUPERIOR COURT JUDGE

887014.1

- 4 -

FINAL ORDER AND JUDGMENT
CASE NO. 2:07-CV-2159-FCD-EFB